UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CECIL B. LAY III, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-CV-1907 JD |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

# OPINION AND ORDER

On September 19, 2014, Plaintiff Cecil B. Lay III filed a complaint in this Court, seeking review of the final decision of the Defendant Commissioner of Social Security denying his application for social security disability benefits. [DE 1]. The matter is fully briefed and ripe for decision. For the reasons stated below, the Court remands this matter to the Commissioner for further proceedings.

## I. FACTS

Mr. Lay filed an application for disability insurance benefits and supplemental security income on May 23, 2011, alleging an onset date of March 21, 2010. Mr. Lay cited a variety of physical and mental conditions as the basis for his disability, including, as pertinent here, various injuries and disorders of his left shoulder. Mr. Lay's application was twice denied by an ALJ before being remanded by the Appeals Council, so the order now under review is the third ALJ decision on Mr. Lay's claim, dated May 9, 2014. In his decision, the ALJ found at steps two and three that Mr. Lay had a number of severe impairments, but that they did not meet or equal any listing. The ALJ thus proceeded to determine Mr. Lay's Residual Functional Capacity. He reviewed Mr. Lay's treatment history for his various physical and mental conditions, and he

constructed a detailed RFC. Based on the testimony of the vocational expert, the ALJ concluded at step four that Mr. Lay was unable to perform any of his past relevant work. However, at step five, the ALJ found that there were other jobs that a person with Mr. Lay's RFC could perform, so the ALJ found that Mr. Lay was not disabled, as defined by the Social Security Act. The Appeals Council then denied Mr. Lay's request for review, making the ALJ's decision the final determination of the Commissioner. 20 C.F.R. § 404.981; *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). Mr. Lay timely filed a complaint in this Court seeking review of the Commissioner's decision, and this Court has jurisdiction under 42 U.S.C. § 405(g) and § 1383(c)(3).

## II. STANDARD OF REVIEW

This Court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Thus, even if "reasonable minds could differ" about the disability status of the claimant, the Court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

In this substantial-evidence determination, the Court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the Court conducts a "critical review of the evidence" before affirming the Commissioner's decision. *Id.* An ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection and may

not ignore an entire line of evidence that is contrary to the ALJ's findings. *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001). Consequently, an ALJ's decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539. Ultimately, while the ALJ is not required to address every piece of evidence or testimony presented, the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

### III. ANALYSIS

Disability and supplemental insurance benefits are available only to those individuals who can establish disability under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Specifically, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations create a five-step sequential evaluation process to be used in determining whether the claimant has established a disability. 20 C.F.R. § 404.1520(a)(4)(i)-(v). The steps are to be used in the following order:

1. Whether the claimant is currently engaged in substantial gainful activity;

2. Whether the claimant has a medically severe impairment;

3. Whether the claimant's impairment meets or equals one listed in the regulations;

4. Whether the claimant can still perform relevant past work; and

5. Whether the claimant can perform other work in the community.

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

At step three, if the ALJ determines that the claimant's impairment or combination of impairments meets or equals an impairment listed in the regulations, disability is acknowledged by the Commissioner. 20 C.F.R. § 404.1520(a)(4)(iii). However, if a Listing is not met or equaled, in between steps three and four, the ALJ must then assess the claimant's residual functional capacity, which, in turn, is used to determine whether the claimant can perform her past work under step four and whether the claimant can perform other work in society at step five of the analysis. 20 C.F.R. § 404.1520(e). The claimant has the initial burden of proof in steps one through four, while the burden shifts to the Commissioner in step five to show that there are a significant number of jobs in the national economy that the claimant is capable of performing. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

Mr. Lay primarily argues that the ALJ erred by failing to adequately consider and address the medical opinions of two doctors, Drs. Simons and Taylor, that he was unable to use his left shoulder. This error, Mr. Lay contends, led the ALJ to present a hypothetical to the vocational expert that did not reflect all of Mr. Lay's actual limitations, meaning the ALJ failed to meet his burden at step five of showing that there are other jobs that Mr. Lay is able to perform. Mr. Lay therefore asks that this case be remanded to the Commissioner for further proceedings.

**A.     Dr. Simons' Opinion**

Mr. Lay first alleges the ALJ erred by giving too little weight to an opinion by Dr. Simons, a treating physician. Mr. Lay was referred to Dr. Simons by his primary care physician for treatment of his left shoulder pain, and he met with Dr. Simons and other doctors in his office on seven different occasions from April through August 2010. Over that time, the doctors examined Mr. Lay, performed ultrasounds, reviewed MRIs, and administered multiple injections. At the final appointment on August 18, 2010, Dr. Simons wrote a "Work/School Excuse Letter" in which he stated the following: "[Mr. Lay] has had numerous injuries with subsequent surgery,

4

injections and therapy to his left shoulder. He continues to have disabling pain and inability to use the shoulder. I believe he is not able to perform most physically demanding jobs." (R. 781). In his decision, the ALJ stated that he gave "[l]ittle weight" to Dr. Simons' "finding of complete inability to use the shoulder and pain that is disabling," and "[s]ome weight" to Dr. Simons' "finding against physically demanding jobs." (R. 24). Mr. Lay argues that the ALJ failed to properly explain why he gave little weight to Dr. Simons' opinion that Mr. Lay was unable to use his shoulder.

As a treating physician, Dr. Simons' opinion regarding the nature and severity of a medical condition is entitled to controlling weight if his opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *White v. Barnhart*, 415 F.3d 654, 658 (7th Cir. 2005) (citing 20 C.F.R. § 404.1527(d)(2)). However, while the treating physician's opinion is important, it is not the final word on a claimant's disability. *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). An ALJ, thus, may discount a treating physician's medical opinion if it is internally inconsistent or inconsistent with other evidence in the record. *Clifford v. Apfel*, 227 F.3d 863, 871 (7th Cir. 2000). Ultimately, an ALJ's decision to give lesser weight to a treating physician's opinion is afforded great deference so long as the ALJ minimally articulates his reasons for doing so. *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008). In addition, if the ALJ articulates reasons for rejecting the treating physician's opinion, the ALJ still must determine what weight the physician's opinion is due under the applicable regulations. 20 C.F.R. § 416.927(c)(2); *see Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010). Factors the ALJ should consider when determining the weight to give the treating physician's opinion include the length of treatment and frequency of examination, whether the physician supported his opinion with sufficient

5

explanations, the extent to which the treating physician presents relevant evidence to support his opinion, whether the physician specializes in the medical conditions at issue, and the consistency of the opinion. 20 C.F.R. § 416.927(c); *see Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008).

Here, the entirety of the ALJ's explanation for the weight he gave to Dr. Simons' opinions is the following: "Dr. Simons offers no actual specific functional limitation. Moreover, Dr. Simons reported inability to do 'most physically demanding jobs' indicating work exists, that the claimant could perform work that was not so physically demanding." (R. 24). As to the first of those reasons, the statement that Dr. Simons offered no specific functional limitation is inaccurate, as Dr. Simons opined that Mr. Lay was unable to use his left shoulder. The regulations require an ALJ to consider medical opinions, which include statements about "what [a claimant] can still do despite impairment(s)." 20 C.F.R. § 404.1527(a)(2), (b). Dr. Simons' statement fits that description, so the ALJ was required to address it. The only other reason the ALJ gave for discounting Dr. Simons' opinion was that Dr. Simons also opined that Mr. Lay is not able to perform most physically demanding jobs, suggesting some work exists that Mr. Lay can do. However, that opinion in no way contradicts Dr. Simons' opinion that Mr. Lay is unable to use his shoulder—a person could be unable to use one of their shoulders yet still be able to perform some work that does not require the use of that shoulder—so that does not provide a logical basis for discounting that limitation, either.

In defending the ALJ's decision, the Commissioner primarily argues that a commonsensical reading of the ALJ's decision shows that the ALJ discounted Dr. Simons' opinion for a different reason: that Dr. Simons' opinion was based on Mr. Lay's subjective reports of pain, which the ALJ did not find to be entirely credible. To be sure, the ALJ found that Mr. Lay's subjective complaints of pain were not entirely credible, and Mr. Lay has not

6

challenged that finding in this action. However, the ALJ never said that he was discounting Dr. Simons' opinion for that reason. In addition, Dr. Simons' opinion was not based only on Mr. Lay's subjective complaints of pain. Rather, Dr. Simons and the doctors in his office conducted physical examinations of Mr. Lay's shoulder, performed ultrasounds, and reviewed MRIs, upon which they made objective findings as to the conditions that existed in Mr. Lay's shoulder. Thus, it is not apparent that the ALJ must have discounted Dr. Simons' opinion because of the credibility of Mr. Lay's subjective complaints. By comparison, the ALJ specifically noted during his discussion of other doctors' opinions that they were based on Mr. Lay's subjective complaints, in which case the credibility finding provided a basis for discounting those opinions. (*E.g.*, R. 24 (noting that Dr. Curry's opinion was based on pain that was not supported by objective findings), 26 (discounting Dr. Streich's findings in part because "each limitation was preceded by a statement such as 'He claimed'.")). The ALJ did not do so relative to Dr. Simons' opinion, though, so the Court cannot find that the ALJ discounted the opinion for that reason.[1]

Although as the Commissioner argues, ALJs "need not spell out every step in the reasoning," *Brown v. Bowen*, 847 F.2d 342, 346 (7th Cir. 1988), they must build a logical and accurate bridge between the evidence and their conclusions. *Terry*, 580 F.3d at 475. The ALJ failed to do that here, as he did not provide any logical reasons for discounting Dr. Simons' opinion that Mr. Lay cannot use his left shoulder. And because adopting Dr. Simons' opinion would result in an RFC that is more restrictive than the RFC provided to the vocational expert,

---

[1] Mr. Lay also argues that this argument violated the *Chenery* doctrine, under which a court can only affirm an agency's decision on the grounds articulated in the order by the agency itself. The Court disagrees, since the Commissioner's argument is that the ALJ's decision itself shows that he discounted Dr. Simons' opinion because of Mr. Lay's credibility. The Commissioner does not also argue that the Court should affirm the decision for that reason even if it disagrees with that reading of the ALJ's decision.

7

the Commissioner has failed to satisfy its burden at step five of showing that jobs exist that Mr. Lay is able to perform. While the vocational expert testified that some jobs could be performed primarily with the dominant hand, using the non-dominant hand as a helper, she also testified that no jobs would exist for a person with no use of their non-dominant arm, (R. 157–58, 161), so the Court cannot conclude that any error was harmless. Accordingly, the Court must remand this action to the Commissioner for further proceedings.

**B.     Dr. Taylor's Opinion**

Mr. Lay makes a similar argument as to an equivalent opinion by Dr. Taylor, and the result is the same for similar reasons. Dr. Taylor was a consulting physician who examined Mr. Lay in January 2011. At the conclusion of his report, under the heading of "Medical Officer's Statement of Functional Limitations," Dr. Taylor stated:

> The only functional limitation noted at this time is the functional limitation noted in [Mr. Lay's] left shoulder with his inability to basically use that left shoulder to any physical degree. I kind of agree with Dr. Simons' interpretation that it would be very difficult for this individual to perform any physically demanding job at this time.

(R. 794). However, the ALJ's decision did not acknowledge Dr. Taylor's opinion that Mr. Lay had an inability to use his left shoulder to any physical degree. Instead, it stated only that Dr. Taylor's finding that Mr. Lay was unable to perform physically demanding jobs was accounted for in the RFC. (R. 24). Mr. Lay thus argues that the ALJ again failed to properly address the opinion that he was unable to use his left shoulder.

While the ALJ need not address every piece of evidence in the record, the ALJ must not ignore a line of evidence that contradicts his findings. *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001) ("[A]n ALJ may not ignore an entire line of evidence that is contrary to her findings, rather she must articulate at some minimal level her analysis of the evidence to permit an informed review.") (internal quotations omitted); *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir.

8

1994) ("Although a written evaluation of each piece of evidence or testimony is not required, neither may the ALJ select and discuss only that evidence that favors his ultimate conclusion."). Here, Dr. Taylor's opinion that Mr. Lay was unable to use his left shoulder to any physical degree was a substantial piece of evidence in favor of Mr. Lay's claim, as it offered a specific limitation as to his physical ability and supported the same opinion by Dr. Simons. The ALJ's decision to address only the portion of Dr. Taylor's opinion that was consistent with his RFC, while ignoring the portion that contradicted it, is a clear example of cherry-picking. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). The Court therefore cannot find that the ALJ properly considered this piece of evidence or drew a logical bridge from the evidence to his conclusion. Remand is therefore required for this reason as well.

## IV. CONCLUSION

For the reasons stated above, the Court REVERSES the Commissioner's decision and REMANDS this matter to the Commissioner for further proceedings consistent with this opinion.

SO ORDERED.

ENTERED: January 11, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court

9